IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Daphne Regina Lee, | C/A No. 5:17-0965-DCC |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Nancy A. Berryhill, Acting Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial handling. On April 30, 2018, Magistrate Judge Kaymani D. West issued a Report and Recommendation ("Report"), recommending that the decision of the Commissioner be reversed and remanded. ECF No. 25. On May 11, 2018, the Commissioner filed objections to the Report. ECF No. 27. For the reasons stated below, the Court adopts the Report and incorporates it herein by reference.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71. The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1).

1

The role of the federal judiciary in the administrative scheme established by the Social Security Act ("the Act") is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebreeze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

## **BACKGROUND**

Plaintiff applied for DIB and SSI on March 2, 2012, alleging that she has been disabled since January 5, 2012. Plaintiff's claims were denied initially, and Plaintiff requested a hearing before Administrative Law Judge ("ALJ") Paul Sacks, which was held on August 6, 2013. ALJ Sacks denied Plaintiff's claims in a decision issued August 28, 2013. The Appeals Council granted Plaintiff's request for review and remanded the case

2

to the ALJ with instructions to evaluate Plaintiff's substance abuse, further consider Plaintiff's maximum residual functional capacity ("RFC"), and, if warranted, obtain supplemental evidence from a vocational expert ("VE") to clarify the effect of the assessed limitations on Plaintiff's occupational base. ALJ Ryan Hoback held a hearing on June 18, 2015. ALJ Hoback issued an unfavorable decision on July 28, 2015. The Appeals Council denied Plaintiff's request for a review, making the determination of ALJ Hoback the final decision of the Commissioner.

In her request for judicial review, Plaintiff raises four claims. First, Plaintiff asserts that the ALJ failed to properly assess the medical opinion evidence. Second, Plaintiff contends that the ALJ did not explain his findings regarding Plaintiff's RFC as required by SSR 96-8p. Third, Plaintiff claims that the ALJ failed to properly evaluate whether her condition met Listing 1.04. Finally, Plaintiff contends that the ALJ failed to properly evaluate Plaintiff's credibility.

The Magistrate Judge provides a thorough recitation of the facts of this case and the applicable legal standards in her Report, which the Court incorporates by reference. The Magistrate Judge evaluated the merits of Plaintiff's argument and recommended rejecting each of Plaintiff's claims except for her argument as to Listing 1.04. In that regard, the Magistrate Judge found that the ALJ's explanation of Plaintiff's Listing 1.04 claim was insufficient to allow judicial review. Therefore, the Magistrate Judge recommended remanding the case so that the ALJ may provide the requisite analysis.

## DISCUSSION

The Commissioner objects to the Report's recommendation as to Plaintiff's appeal of the ALJ's findings and conclusions relating to Listing 1.04. Specifically, the

Commissioner refers the Court to an unpublished opinion by the Fourth Circuit Courts of Appeals, *Keene v. Berryhill*, 2018 WL 2059514 (4th Cir. May 2, 2018), which was issued two days after the Report was filed in this case. The basis of the Commissioner's reliance on this unpublished opinion is unclear, as the quoted portions merely restate well-established principles of judicial review in Social Security cases. *See* ECF No. 27 at 1–2. Nonetheless, the Court will review the ALJ's Listing 1.04 finding de novo in light of the Commissioner's objections.

The listings set out in the Social Security regulations "are descriptions of various physical and mental illnesses and abnormalities, most of which are categorized by the body system they affect." *Sullivan v. Zebley*, 493 U.S. 521, 529–30 (1990). "Each impairment is defined in terms of several specific medical signs, symptoms, or laboratory test results." *Id.* at 530. "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria." *Id.* Thus, a claimant has the burden to prove that there was a twelve-month period during which all of the criteria in the relevant listing were met. *Radford v. Colvin*, 734 F.3d 288, 293–94 (4th Cir. 2013).

Listing 1.04 provides, in pertinent part:

1.04 Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equine) or the spinal cord. With:

    A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine); or

    B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable

4

> imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours; or
>
> C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

20 C.F.R., Pt. 404, Subpt. P, App. 1, § 1.04.

As to the initial paragraph, the ALJ found that Plaintiff had an applicable disorder of the spine, such as degenerative disc disease and spinal stenosis. For example, the ALJ noted MRI studies that showed moderate to marked spinal stenosis and found that "imaging results reflect significant disc disease." R. 142; *see also* R. 732 (noting degenerative disc disease and spinal stenosis). In her briefing, Plaintiff focused only on the criteria of Listing 1.04A; therefore, the Court's inquiry must focus on whether there is substantial evidence to support a finding that Plaintiff did not meet the criteria of that listing during the relevant time period. As set forth above, Plaintiff carries the burden of proving "[e]vidence of nerve root compression characterized by [1] neuro-anatomic distribution of pain, [2] limitation of motion of the spine, [3] motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, [4] positive straight-leg raising test (sitting and supine)." 20 C.F.R., Pt. 404, Subpt. P, App. 1, § 1.04.

The ALJ found:

> Although imaging results reflect significant disc disease, clinical findings are relatively benign with some weakness in the lower extremities. Range of motion is limited by pain, but was noted to be full on consultative examination. Sensation is consistently intact. There is no atrophy. Straight leg raising testing is negative. The claimant's abnormal gait is as much attributed to body habitus as to a back or knee impairment. Thus, the record

5

> demonstrates that the claimant's back impairment does not result in compromise of a nerve root (including the cauda equine) or the spinal cord with evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex lsos and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine) . . . .

R. 142–43. However, Plaintiff's brief cites to a variety of records that indicate that these criteria were met at various points. *See, e.g.*, ECF No. 18 at 28. The Report acknowledged these medical findings and the apparent inconsistency with the ALJ's summary finding and recommended remand for further analysis on that basis. The Court is unpersuaded by the Commissioner's objections, which essentially argue that the Court cannot second guess the ALJ's factual findings.[1] That, however, is not the issue in this case, as the ALJ's findings on Listing 1.04A are far too sparse to enable any meaningful judicial review. Therefore, the Court adopts the Report's recommendation that the case be remanded to the Commissioner for further evaluation of Plaintiff's Listing 1.04A claim.

As to the remainder of the Report, Plaintiff has not filed objections and the Court has reviewed the report for clear error. Finding none, the Court adopts the remainder of the Report herein by reference.

## **CONCLUSION**

For the reasons set forth above, the Court adopts the Report, reverses the decision of the Commissioner, and remands pursuant to sentence four of 42 U.S.C. § 405(g) for further evaluation of Plaintiff's claim as indicated above.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.

---

[1] Additionally, the objections discuss the ALJ's findings on RFC, which are irrelevant to the listing analysis.

United States District Judge

August 9, 2018
Spartanburg, South Carolina